IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK B. HENKE,

                          Petitioner,

v.

REDGRANITE PRISON "ICE WARDEN,"

                          Respondent.

OPINION and ORDER

20-cv-817-jdp

---

      Pro se petitioner Patrick B. Henke, a federal prisoner incarcerated at Redgranite Correctional Institution, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. He has paid the $5 fee for a habeas action. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." After considering Henke's submission, I conclude that he is attempting to bring a claim that does not belong in a habeas action, so I will deny the petition.

      Henke's habeas petition does not present many factual details about his claim. From what I can tell, he is challenging his placement in solitary confinement for 15 days beginning on July 24, 2020. Henke was sent to solitary confinement for a violation of Department of Corrections rules. He says that he is not guilty of the violation and was denied an interview or a hearing to provide his statement of the incident before he was subjected to disciplinary action. Henke does not allege that the disciplinary conviction resulted in the loss of good-time credits. The relief he requests is for this court to declare that Redgranite Correctional Institution officials violated his constitutional rights.

Henke's challenge to his 15-day placement in solitary confinement in July 2020 concerns his conditions of confinement and is not properly raised in a petition for habeas corpus. Under section 2254, a court may grant habeas relief to a prisoner who is in custody in violation of the Constitution. 28 U.S.C. § 2254. The Court of Appeals for the Seventh Circuit has concluded that a prisoner placed in segregation for disciplinary reasons is not "in custody" for purposes of habeas corpus because segregation relates to the severity, not the duration or fact, of confinement. *Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008); *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). "Challenges to the validity of confinement or to the particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted). Put differently, prisoners may bring claims for unconstitutional conditions while they are in prison under 42 U.S.C. § 1983, but prisoners challenge the fact that they are imprisoned or the duration of their imprisonment under § 2254. And Henke is no longer in solitary confinement, so there is no relief that a habeas writ could give him.

Henke cannot proceed under § 2254 because is plainly not entitled to a writ of habeas corpus based on his petition. I note further that there's no reason to believe that he could state a plausible claim for relief in a § 1983 lawsuit either, because the amount of time that he was placed in solitary confinement is not enough to support a due process claim. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (six months in segregation, standing alone, is not such an extreme term that it would trigger due process rights).

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of

appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask for arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Henke has not made a showing, substantial or otherwise, that he is entitled to a writ of habeas corpus. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Henke a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Patrick B. Henke's petition for a writ of habeas corpus, Dkt. 1, is DENIED without prejudice.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered December 18, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge